NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALAN R. COLLIE,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.    19-15829

D.C. No. 1:17-cv-01364-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Argued and Submitted February 12, 2021
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

   Alan Collie appeals the district court's order affirming the Administrative

Law Judge's (ALJ) decision denying Collie's application for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. § 423.  We have

jurisdiction pursuant to 28 U.S.C. § 1291.  Because the ALJ reasonably concluded

at step two of the sequential evaluation that Collie did not have a severe

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

impairment or combination of impairments, we affirm.

We review de novo the district court's order affirming the ALJ's denial of Social Security benefits, and we must independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

1.     First, Collie argues that the ALJ erred in discounting the opinions of his treating physicians, Drs. Runte and Castleman. An ALJ may reject a treating doctor's contradicted opinion "by providing specific and legitimate reasons that are supported by substantial evidence," which can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). Here, the ALJ found the opinions of Drs. Runte and Castleman were inconsistent with the evidence of relatively stable symptoms and clinical findings in the record, and Collie's daily activities. These are specific and legitimate reasons to discount a treating physician's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (approving rejection of treating physician's opinion as inconsistent with the medical evidence and the

2

claimant's activities). Collie urges the Court to adopt a different interpretation of the evidence, but the ALJ's finding is supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

2. Second, Collie contends the ALJ improperly discredited his symptom testimony. The ALJ reasonably relied on the evidence of Collie's improvement with medication, Collie's daily activities, which were inconsistent with the specific limitations he alleged, and the lack of supporting medical evidence to find Collie's symptom allegations were not entirely credible. These are specific, clear and convincing reasons to discount his testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (stating that ALJ may discredit symptom testimony where there is evidence of improvement with treatment); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (indicating that inconsistency between daily activities and testimony is a clear and convincing reason to discount applicant's testimony); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (holding that ALJ may discredit symptom testimony that is inconsistent with the medical evidence). While Collie again argues for a different interpretation of the evidence, the ALJ's interpretation is supported by substantial evidence. *See Orn*, 495 F.3d at 630.

3. Finally, Collie argues that the ALJ improperly discounted the lay witness statements submitted by his wife and daughter. "An ALJ need only give

3

germane reasons for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted).  In concluding that the statements submitted by Collie's wife and daughter were not persuasive, the ALJ separately found that their statements were both in conflict with the medical evidence and inconsistent with Collie's daily activities.  These justifications satisfy the "germane reasons" standard.  *See id.* ("Inconsistency with medical evidence" is a "germane reason[] for discrediting the testimony of lay witnesses." (citation omitted)).

**AFFIRMED.**